Anthon **CORLEY**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 46A03–9408–CR–303.

Court of Appeals of Indiana.

March 20, 1996.

James Cupp, Michigan City, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

STATON, Judge.

A jury convicted Anthon Corley ("Corley") of murder, a felony.[1] On appeal, Corley presents the following issues for our review:

I. Whether the trial court erred in allowing a witness to testify after she violated a witness separation order.

II. Whether the trial court erred in refusing defendant's tendered instruction on culpability.

III. Whether the trial court erred in refusing defendant's tendered instruction on lesser included offenses.

IV. Whether the trial court erred in instructing the jury on intent.

We affirm.

The facts most favorable to the verdict indicate that Corley fatally shot Anthony Mitchell ("Mitchell") on July 4, 1993. Prior to the shooting the two had several arguments concerning payment for a car which Corley had sold to Mitchell. In addition, Mitchell claimed he was having an affair with Corley's wife. On the day of the shooting, Corley saw Mitchell walking down the street. He decided to confront Mitchell and threaten him. Corley stopped the car, took a 9 mm semi-automatic handgun from his trunk and loaded a round into the chamber. He then shouted to Mitchell "I'll teach you to f___ with me" and fired one shot, killing Mitchell.

I.

*Witness Separation*

■ Corley alleges that the trial court erred when it refused to exclude the testimony of Stella Bureau after she violated the witness separation order. He argues that prejudice should be presumed when a witness observes the testimony of another witness in violation of a witness separation order. To hold otherwise would be to invite "perjury without penalty." However, Corley cites no authority for this standard and thus, this argument is waived. Ind. Appellate Rule 8.3(A)(7); *Keller v. State*, 549 N.E.2d 372, 373 (Ind.1990).

■ Waiver notwithstanding, Corley's argument also fails on the merits. The purpose of a witness separation order is to prevent the testimony of one witness from influencing another. *Smiley v. State*, 649 N.E.2d 697, 699 (Ind.Ct.App.1995), *trans. denied*. In the absence of connivance or collusion by the prosecutor, the court has discretion in allowing a witness to testify after the violation of a separation order. *Heck v. State*, 552 N.E.2d 446, 452 (Ind. 1990). We will not disturb that exercise of discretion unless there is a showing of prejudice tantamount to an abuse of discretion.[2]

---

1. Ind.Code § 35–42–1–1 (1993).

2. The new Indiana Rules of Evidence in effect at the time of Corley's trial provide:

    At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of or discuss testimony with other witnesses, and it may make the order on its own motion. This rule does not authorize

the exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Ind. Evidence Rule 615. Although this rule makes the grant of a request for a witness sepa-

*Halbig v. State,* 525 N.E.2d 288, 292 (Ind. 1988).

Corley does not present any evidence of collusion on the part of the prosecutor. Ms. Bureau testified that she entered the courtroom to inform the prosecutor that she had arrived and had not listened to any of the testimony. In addition, there is no showing of prejudice. Ms. Bureau's testimony concerned the identity of the shooter which Corley admits was not in dispute. Simply speculating, as Corley does, that Ms. Bureau might have overheard an important piece of testimony and then perjured herself when questioned about it is not enough to show that he was prejudiced, and the trial court abused its discretion in allowing her to testify. Thus, no error occurred.

## II.

### *Culpability Instruction*

Corley next argues that the court erred when it refused to give the jury his tendered instruction on culpability. The instruction read:

Intentionally, Knowingly, and Recklessly are defined by statute as follows:

A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. [If a person is charged with intentionally causing a result by his conduct, it must have been his conscious objective not only to engage in the conduct but also to cause the result.]

A person engages in conduct "knowingly" if, when he engages in this conduct, he is aware of a high probability that he is doing so. [If a person is charged with knowingly causing a result by his conduct, he must have been aware of a high probability that his conduct would cause the result.]

A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard

involves a substantial deviation from acceptable standards of conduct.

Record, p. 585.

■ In considering whether any error results from refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Taylor v. State,* 587 N.E.2d 1293, 1303 (Ind.1992), *reh. denied.*

■ Final Instruction No. 11 is virtually identical to Corley's tendered instruction. It states:

INTENTIONALLY, KNOWINGLY AND RECKLESSLY:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(c) A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

Record, p. 625. The only difference in the two instructions is the language in Corley's tendered instruction regarding "causing a result." He argues that it was error not to include this language in the instruction because the jury was not advised that he must have a conscious objective to cause Mitchell's death. However, Corley cites to no authority for this proposition and we do not find any. Ind.Code § 35–41–2–2 (1993) which defines intentionally, knowingly and recklessly does not include the additional language found in Corley's instruction. Thus the tendered instruction is *not* a correct statement of the law.[3] It was not error for the court to refuse the tendered instruction. *Taylor, supra,* at 1303.

ration order mandatory, it does not address the remedy for a violation of an order. Thus, it does not alter prior Indiana case law on the trial

court's discretion in addressing violations of the order. *Smiley, supra,* at 699–700 n. 5.

3. In addition, Corley's argument is not logical. Murder is a result-oriented offense. The conduct

## III.

### Lesser Included Offenses

Corley argues that the trial court erred when it refused his tendered instruction on lesser included offenses. His tendered instruction read:

The law permits the jury to determine whether the Defendant is guilty of certain charges which are not explicitly included in the indictment/information. These additional charges which the jury may consider are called lesser included offenses. They are called lesser included offenses because they are offenses which are very similar to the charged offense. Usually the only difference between the charged offense and the lesser included offense is that the charged offense contains an element that is not required to prove the lesser included offense.

If you find the Defendant not guilty of the charged offense then you should consider whether the Defendant is guilty of the lesser included offense. As I have already instructed you, the Defendant in this case is charged with Murder. The lesser included offenses of Murder are Voluntary Manslaughter, Involuntary Manslaughter, Reckless Homicide, Attempted Intimidation, Battery, and Criminal Recklessness. In a minute I will instruct you concerning the elements which the State is required to prove beyond a reasonable doubt before you may find the Defendant guilty of the lesser included offenses.

All of the instructions which I have given you and will give you also apply to your deliberations concerning the lesser included offenses. The Prosecutor must prove each element of the lesser included offense(s) beyond a reasonable doubt before you may convict the Defendant of the lesser included offense. You must not look upon the lesser included offenses as an opportunity to compromise differences among yourselves.

Record, pp. 588–89.

■ Instructions on lesser included offenses must explain the role of a lesser included offense and define those offenses for the jury. *Smith v. State*, 422 N.E.2d 1179, 1184 (Ind.1981). In addition, the instruction must inform the jury that if it determines that the defendant did not commit the element or act which distinguishes the greater offense from the lesser, it can convict the defendant of the lesser included offense. *McNary v. State*, 428 N.E.2d 1248, 1252 (Ind. 1981). A tendered instruction on lesser included offenses which is incomplete, insufficient or confusing is properly refused by a trial court. *Wilson v. State*, 513 N.E.2d 653, 655 (Ind.1987); *Riley v. State*, 506 N.E.2d 476, 480 (Ind.1987).

■ None of Corley's instructions included definitions of the lesser included offenses. The tendered instruction simply stated that the judge would instruct the jury concerning the elements of those offenses. In addition, it instructed the jury that if they found Corley not guilty of the charged offense they could determine if he was guilty of the lesser included offenses. The instruction did not explain that if the jury determined that Corley did not have the requisite culpability to commit murder, they could decide if he had the requisite culpability to commit any of the lesser included offenses. Thus, the jury instructions were incomplete, insufficient and confusing. *Wilson, supra*, at 655. The trial court did not err in refusing the tendered instruction on the lesser included offenses.

## IV.

### Intent

Finally, Corley argues that the court erred when it instructed the jury concerning intent. Final Instruction No. 12 read as follows:

Intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm.

Record, p. 626.

■ Instructing the jury lies solely within the discretion of the trial court. *Marshall v. State*, 621 N.E.2d 308, 320 (Ind.1993). An

which must have been knowingly or intentionally committed was the killing. The jury could not

logically conclude that Corley intended to kill Mitchell but did not intend his death.

error in an instruction is reversible only if the nature of the instruction is such that the entire charge of which it is a part misleads the jury regarding the law applicable to the case. *Id.*

A party who fails to tender instructions on an issue cannot complain that the instructions were incomplete with regard to that issue. *Clark v. State,* 561 N.E.2d 759, 764 (Ind.1990).

Corley does not dispute that the instruction is a correct statement of the law.[4] He argues that the jury should also have been instructed concerning other inferences which they could draw from the use of a deadly weapon including the intent to threaten, scare or intimidate. However, he does not cite any authority for such instructions. In addition, there is no showing in the record that Corley proffered any instruction on inferences to be drawn from the use of a deadly weapon. Thus, he cannot complain that the instructions were incomplete. *Clark, supra,* at 764. Because the instruction is a correct statement of the law, it did not mislead the jury regarding the law applicable to the case and no error occurred.

Affirmed.

GARRARD and DARDEN, JJ., concur.

---

4. This is a correct statement of the law. *See, Nunn v. State,* 601 N.E.2d 334, 339 (Ind.1992); *Jacks v. State,* 271 Ind. 611, 394 N.E.2d 166, 175 (1979).