ATTORNEY FOR APPELLANT
Dave Welter
Joshua Brown, Legal Intern
Jeremy Butler, Legal Intern
Valparaiso University Law Clinic
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 64S05-0604-CR-152

JASON RONCO,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Porter Superior Court, No. 64D04-0309-CM-7966
The Honorable David L. Chidester, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A05-0505-CR-271

**March 6, 2007**

**Shepard, Chief Justice.**

We adopted Jury Rule 28 to give trial judges more flexibility in dealing with jury deliberations that come to a standstill. It was premature for the trial court in this case to declare an impasse after receiving a question of law from the jury during deliberations. On the other hand, the trial court did appropriately answer the jury's legal query under Ind. Code § 34-36-1-6. We affirm.

**Facts and Procedural History**

The State charged appellant Jason Ronco with battery to law enforcement, resisting law enforcement, and disorderly conduct.

During jury deliberations following trial, the jury submitted a question to the court about Final Instruction 23. The instruction explained the two mutually exclusive ways to convict Ronco of resisting: fleeing (consisting of three elements) or "forcibly resist[ing], obstruct[ing] or interfer[ing]" (consisting of two elements). Apparently misunderstanding the relationship between the two types of resisting, the jury asked: "[D]oes the State have to prove [elements] 1 through 3 <u>and</u> 1 through 2 or [elements] 1 through 3 <u>or</u> 1 through 2"? (Id. at 122 (emphasis added).) The court responded with a note asking the jury to reread the instruction.

One juror indicated that he still did not understand the question and the court's answer, that he "felt that [he] needed to hear [the instruction] again," and that "it was going to be a long night." (Id. at 122-23.) Based on this comment, the court declared that the jury had reached an "impasse" under Jury Rule 28 and directed that they be brought back into the courtroom. The court reread Final Instructions 22 and 23 only and asked if this resolved the jury's confusion. The following dialogue then took place between the court and the foreman:

> MR. BUSH:      Yea, is it each or is it or?
> THE COURT:      It is an or. There is [sic] two kinds of fleeing, resisting. Running or fighting or obstructing or not wanting to be held or handcuffed or something. There's [sic] two kinds, they've charged both here. Either he's not guilty of both, guilty of both, or one but not the other. It's conjunctive.
> MR. BUSH:      So it's not one or the other? He's guilty of both or one or the other?
> THE COURT:      One or the other. There's [sic] two types of resisting. They charged both here. And either not guilty of both, guilty of both or guilty of one and not the other.

(Id. at 125-26.) The jury subsequently found Ronco guilty of resisting law enforcement and disorderly conduct. Citing double jeopardy concerns, the court entered judgment only for resisting.

2

Ronco argues that the trial court erred when it ruled that the jury had reached an "impasse" under Rule 28. He also contends that the court erred by not rereading all of the final jury instructions with Final Instructions 22 and 23, and by commenting further on Final Instruction 23.[1] The Court of Appeals agreed that the jury had not reached an "impasse." Ronco v. State, 840 N.E.2d 368, 373-74 (Ind. Ct. App. 2006). Thus, it held that the trial court did not have authority to "seek further information or clarification from the jury" or elaborate on Final Instructions 22 and 23. Id. at 374-75. We granted transfer, vacating the opinion of the Court of Appeals, and now affirm the trial court.

## Jury Rule 28 Intended Only for Genuine Impasse

The traditional rule in Indiana courts regarding jury questions was a stern one. We obliged courts faced with questions from the jury to reply by rereading all instructions, to avoid improper influence. See, e.g., Lewis v. State, 424 N.E.2d 107, 111 (Ind. 1981) ("The proper procedure [for responding to any problem during jury deliberations] is for the court to call the jury back into open court . . . and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment.").

Under our recently adopted jury rules, Indiana trial courts have greater leeway to "facilitate and assist jurors in the deliberative process, in order to avoid mistrials." Tincher v. Davidson, 762 N.E.2d 1221, 1224 (Ind. 2002). The rule cited here by the trial court, Jury Rule 28, instructs judges on how to proceed when faced with a jury impasse:

> If the jury advises the court that it has reached an impasse in its deliberations, the court may, but only in the presence of counsel, and, in a criminal case the parties, inquire of the jurors to determine whether and how the court and counsel can assist them in their deliberative process. After receiving the jurors' response, if any, the court, after consultation with counsel, may direct that further proceedings occur as appropriate.

---

[1] Ronco also argues that the trial court improperly admitted evidence obtained during an unlawful police stop. (Appellant's Br. at 20.) The Court of Appeals found the evidence of Ronco's illegal activity separate from the unlawful stop and, thus, properly admitted. Ronco, 840 N.E.2d at 375-76. We summarily affirm as to this issue. Ind. Appellate Rule 58(A).

Ind. Jury Rule 28. As a result of reforms led by Arizona and New York, emulated early on by this state, procedures such as those found in Jury Rule 28 have found wider acceptance. National standards now stand for the proposition that such an action by the trial judge "does not unduly invade the sanctity of jury deliberations or transform the trial judge to the status of fact finder." Am. Bar Ass'n, Principles for Juries & Jury Trials 122 (2005). Accord Arizona Supreme Court Committee on More Effective Use of Juries, Jurors: The Power of 12 § E(49) (1994), available at http://www.supreme.state.az.us/jury/Jury/jury1l.htm.

Still, Rule 28 confers discretionary authority for "further proceedings" only at moments of "impasse," by which is meant something far closer to a deadlocked jury than occurred here. In this case, jurors simply had a question about the findings necessary to convict Ronco for resisting law enforcement. A question is not an impasse. Nor does one juror's "long night" comment suffice; indication of an impasse must come from the jury's leader or from the jury as a whole. It was premature to invoke Rule 28.

On the other hand, the court's action was proper under Ind. Code § 34-36-1-6, which gives trial courts some discretion to assist the jury in its deliberations. Section 34-36-1-6 empowers a court to respond to either juror disagreement over testimony or the jury's desire "to be informed as to any point of law arising in the case." The trial court must respond to a jury question regarding a point of law involved in the case, whereas other questions should prompt caution lest the judge exercise undue influence. Foster v. State, 698 N.E.2d 1166, 1170 (Ind. 1998).

As a general matter, the policy of greater flexibility in jury management reflected in the Jury Rules informs actions taken under § 34-36-1-6. In this case, the jury submitted a specific question of law to the trial court, and Ind. Code § 34-36-1-6 required the court to respond. The court appropriately answered both the jury's question and the foreman's follow-up.

## Conclusion

We affirm the trial court.

Dickson, Sullivan, Boehm, Rucker, JJ., concur.