## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clarence W. Seeley, Jr., <br><br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 31, 2017 <br><br> Court of Appeals Case No. 21A05-1607-PC-1548 <br><br> Appeal from the Fayette Circuit Court <br><br> The Honorable Beth Ann Butsch, Judge <br><br> Trial Court Cause No. 21C01-1108-PC-718 |

**Najam, Judge.**

# Statement of the Case

Clarence Seeley, Jr. was convicted of dealing in a schedule III controlled substance, as a Class A felony, following a jury trial. Seeley subsequently petitioned for post-conviction relief, which the post-conviction court denied. He now appeals, challenging the post-conviction court's judgment, and he raises two issues for our review:

1. Whether he was denied the effective assistance of trial counsel.

2. Whether the trial court erred when it did not hold a sentencing hearing on remand from his direct appeal.

We affirm.

# Facts and Procedural History

The facts and procedural history underlying Seeley's 2010 conviction and sentence are as follows:

> Sometime between 5:00 and 6:00 p.m. on December 4, 2008, Seeley sold twenty pills containing hydroquinone, a schedule III controlled substance, to a confidential informant in a controlled drug buy for $140. The controlled drug buy occurred at Seeley's home in Connersville and lasted between five and ten minutes.[] Seeley's property was 545 feet from St. Gabriel's school property, and Seeley's front door was 810 feet from the door to the school. On April 13, 2009, the State charged Seeley with dealing in a schedule III controlled substance, as a Class A felony. *See* Ind. Code § 35-48-4-2(b)(2) (2008). On April 15, the State alleged that Seeley was an habitual offender based on at least two prior, unrelated felony convictions. *See* I.C. § 35-50-2-8(a). The State's

habitual offender allegation did not allege that any of the prior convictions were drug offenses.

* * *

The jury found Seeley guilty of both dealing within 1,000 feet of school property and of being an habitual offender. The court then sentenced Seeley to eighty years executed in the Department of Correction.

*Seeley v. State*, 936 N.E.2d 863, 865-66 (Ind. Ct. App. 2010), *trans. denied* ("*Seeley I*"). On direct appeal, this court affirmed Seeley's conviction, but the State conceded, and we agreed, that the State had not presented sufficient evidence to support the habitual offender adjudication. *Id.* at 871. Accordingly, we affirmed in part, reversed in part, and remanded for resentencing.

[4] On August 11, 2011, Seeley filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel. Seeley also alleged that, because his habitual offender adjudication was reversed, he was entitled to a new sentencing hearing, which he had been denied. Following a hearing, the post-conviction court denied Seeley's petition. This appeal ensued.

## Discussion and Decision

### *Standard of Review*

[5] Seeley appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review is clear:

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the

evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004) (citations omitted). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

*Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014) (alteration original to *Campbell*).

### Issue One: Ineffective Assistance of Trial Counsel

[6] Seeley first contends that, as a result of the State's late disclosure of four witnesses and new evidence on the first day of trial, "he was deprived of the effective assistance of counsel in the plea bargaining process, a critical stage of the proceedings, and also at trial." Appellant's Br. at 12. In particular, Seeley states that he

> does not claim that [his trial counsel] failed to adequately represent him at trial because of anything she did. Rather, he claims that the State rendered her ineffective and interfered with her ability to advise him regarding a plea agreement and to

> prepare for trial when the State failed to follow the court orders
> to timely disclose witnesses and evidence it would present at trial.

Appellant's Reply Br. at 8. Thus, Seeley does not make a standard ineffective assistance of counsel claim with respect to his counsel's performance.[1] Rather, he contends that the State rendered his trial counsel ineffective when it interfered with his counsel's ability to make independent decisions about how to conduct his defense. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). We cannot agree.

[7] Seeley is correct that the United States Supreme Court has recognized a "special subtype of Sixth Amendment violation" resulting from "'direct governmental interference with the right to counsel.'" *See United States v. Roy*, No. 12-15093, 2017 WL 1488331, at *13 (11th Cir. April 26, 2017) (quoting *Perry v. Leeke*, 488 U.S. 272, 279 (1989)). But, in order to make such a claim, the alleged governmental interference must arise from either a statute or a court order.[2] *See id.* Here, Seeley alleges that the State interfered with his counsel's ability to advise him on whether to accept a plea offer when it added four

---

[1] In response to the State's late addition of four witnesses and new evidence, Seeley's trial counsel made objections and moved to continue the trial. The trial court overruled her objections and denied the motion to continue. Seeley did not argue in *Seeley I* that the trial court abused its discretion when it overruled those objections and motion to continue.

[2] In *Strickland*, 466 U.S. at 686, the Court listed the following examples of governmental interference with the right to counsel: *Geders v. United States*, 425 U.S. 80, 96 (1976) (bar on attorney-client consultation during overnight recess); *Herring v. New York*, 422 U.S. 853 (1975) (bar on summation at bench trial); *Brooks v. Tennessee*, 406 U.S. 605, 612-613 (1972) (requirement that defendant be first defense witness); *Ferguson v. Georgia*, 365 U.S. 570, 593-596 (1961) (bar on direct examination of defendant).

witnesses and proffered evidence it had not provided in discovery on the first day of trial. Seeley does not allege governmental interference either by way of a statute or a court order.[3] Accordingly, Seeley's claim cannot stand. *See id.* The post-conviction court did not err when it concluded that Seeley was not denied the effective assistance of trial counsel.

### Issue Two: Resentencing

[8] Seeley also contends that the trial court erred when it did not conduct a "re-sentencing hearing" on remand from his direct appeal. Appellant's Br. at 28. He maintains that he is "entitled to be sentenced on the basis of accurate information, which would include not being found to be an habitual offender." *Id.* But that issue was known and available to Seeley after the trial court issued its sentencing order on remand, and Seeley did not appeal from that order. Issues available but not raised on direct appeal are waived. *Hinesley v. State*, 999 N.E.2d 975, 981 (Ind. Ct. App. 2013), *trans. denied*. Accordingly, this issue is not available as a freestanding claim of fundamental error on petition for post-conviction relief. *Id.* at 988. The post-conviction court did not err when it denied Seeley's petition for post-conviction relief.

[9] Affirmed.

Bailey, J., and May, J., concur.

---

[3] Seeley does not attribute any governmental interference to the trial court, only to the prosecutor.