## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 18 2018, 10:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mario Brown
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Mario Brown,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 18, 2018

Court of Appeals Case No.
18A-PC-606

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause Nos.
71D02-1311-FA-23
71D02-1702-PC-10

**Najam, Judge.**

# Statement of the Case

Mario Brown appeals the post-conviction court's denial of his petition for post-conviction relief. Brown raises three issues for our review, which we restate as follows:

1. Whether Brown preserved for appellate review his assertion that he did not enter into his guilty plea knowingly, intelligently, and voluntarily.

2. Whether the post-conviction court erred when it concluded that Brown did not receive ineffective assistance from his trial counsel.

3. Whether Brown waived his freestanding claim of an erroneous sentence.

We affirm.

# Facts and Procedural History

On November 15, 2013, the State charged Brown with two counts of Class A felony child molesting and one count of Class C felony child molesting. Thereafter, Brown entered into a plea agreement with the State in which Brown agreed to plead guilty to one count of Class A felony child molesting and, in exchange, the State dismissed the other two counts. The plea agreement also provided for a maximum executed sentence of thirty-five years and a waiver of Brown's right to appeal his sentence. Appellant's App. Vol 2 at 64-65. The trial court accepted Brown's plea agreement, entered its judgment of conviction, and sentenced him to the advisory term of thirty years.

[4]     In February of 2017, Brown filed his petition for post-conviction relief. At an ensuing evidentiary hearing on Brown's petition, Brown clarified for the court that his petition raised two issues: whether his trial counsel had rendered ineffective assistance of counsel in advising Brown to plead guilty and in not "challeng[ing]" "[a]nything," and whether he had received an "erroneous" sentence. *Id.* at 159. The post-conviction court then heard evidence, including the testimony of Brown's trial counsel. In particular, Brown's trial counsel testified as follows:

> Q [by Brown]. Did you . . . fully explain to me about what was in my plea agreement?
>
> A.     Yes. We fully went over your plea agreement.
>
> * * *
>
> Q.     With regard to the plea agreement . . . , did you fully inform me with regard to . . . the statute definition as a credit restricted felon under . . . Indiana Code [Section] 35-31.5-2-7.2 because there is no mention in my plea agreement?
>
> A.     Yes. We discussed what a credit restricted felon would mean.
>
> * * *
>
> Q.     In regard to the witness response to interrogatories . . . [you] stated that [you] adequately investigated the cause. [You], however, never filed any motion or depositions of potential witnesses . . . . If you never challenged any of the

witnesses, specifically both the physician and the forensic interviewer, how could you say that the police narrative of events was totally substantial to all the charges in the information?

A.     Why didn't I file a motion or deposition?

Q.     And do a deposition, yes.

A.     In a case like this, a child molesting case, depositions are not necessarily discovery tools.  I mean, these are of-court records, so whoever comes in to testify at one of these, if they subsequently don't show up at trial, they can put in the deposition testimony.  So no, I never filed for a deposition nor did you ever ask me to.

Q.     So in other words, you never put any of the evidence to the test.  You claim in the interrogatory that you met with the prosecutor to challenge the evidence.

A.     Yes.  I met with the prosecutor four or five times.  I looked at the videos.  I reviewed all the evidence, but no, I did not do a deposition in the case.

*Id.* at 161-62, 164-65.  Following the evidentiary hearing, the post-conviction court entered findings of fact and conclusions of law denying Brown's petition for post-conviction relief.  This appeal ensued.

# Discussion and Decision[1]

## *Standard of Review*

Brown appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review in such appeals is clear:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* at 274. In order to prevail on an appeal from the denial of post-conviction relief, a petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

*Humphrey v. State*, 73 N.E.3d 677, 681-82 (Ind. 2017).

---

[1] It is of no moment that Brown proceeds in this appeal pro se. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).

## Issue One: Guilty Plea

On appeal, Brown first asserts that the post-conviction court erred when it denied his petition because he did not enter into his guilty plea knowingly, intelligently, and voluntarily. However, in the post-conviction court, Brown raised the issue of the validity of his guilty plea only in relation to his claim that he had received ineffective assistance of trial counsel. Brown did not present a freestanding challenge to his guilty plea to the post-conviction court. *See* Appellant's App. Vol. 2 at 159. He may not raise the issue for the first time on appeal. *E.g.*, *A.C. v. Ind. Dep't of Child Servs. (In re N.C.)*, 56 N.E.3d 65, 69 (Ind. Ct. App. 2016), *trans. denied*. Accordingly, Brown has not preserved this issue for our review, and we do not consider it.

## Issue Two: Ineffective Assistance of Counsel

Brown next asserts that the post-conviction court erred when it denied his petition because he received ineffective assistance of counsel. As our Supreme Court has made clear:

> When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052). To satisfy the second prong, "the defendant must show prejudice: a reasonable

probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

*Humphrey*, 73 N.E.3d at 682.

[8] In particular, Brown asserts that his trial counsel rendered ineffective assistance when trial counsel failed to advise Brown prior to Brown pleading guilty that he would be a credit-restricted felon. Brown also asserts that trial counsel rendered ineffective assistance by failing to investigate the State's charges against Brown. However, we conclude that Brown's arguments on those issues are not supported by cogent reasoning and citations to relevant authorities and the record. *See* Appellant's Br. at 20-25. Rather, Brown's assertions on those issues, insofar as they are even relevant, are nothing more than statements of his own conclusions. Such statements, without more, are insufficient to demonstrate reversible error, and, as such, Brown has waived appellate review of those issues. *See* Ind. Appellate Rule 46(A)(8)(a).

[9] Brown's waiver notwithstanding, his assertion that trial counsel failed to advise him prior to the plea agreement that he would be a credit-restricted felon is contrary to the evidence most favorable to the judgment, namely, trial counsel's testimony that he did so advise Brown. Likewise, Brown's assertion that trial counsel failed to properly and fully investigate the State's charges is also contrary to trial counsel's testimony to the post-conviction court. We cannot reweigh the evidence on appeal. Accordingly, we conclude that the post-

conviction court did not err when it denied Brown's petition on his claims of ineffective assistance of trial counsel.

### *Issue Three: Sentence*

[10] Last, Brown asserts that the post-conviction court erred when it denied his petition because Brown received an erroneous sentence. However, in his plea agreement Brown waived the right to appeal his sentence so long as he received a sentence at or below thirty-five years executed, which he did receive. Moreover, the post-conviction process is not an appropriate vehicle for freestanding sentencing challenges. *E.g.*, *Hooker v. State*, 799 N.E.2d 561, 569 (Ind. Ct. App. 2003), *trans. denied*. Accordingly, we do not consider this purported issue.

## Conclusion

[11] Thus, Brown has failed to show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. We affirm the post-conviction court's denial of Brown's petition for post-conviction relief.

[12] Affirmed.

Crone, J., and Pyle, J., concur.