## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 20 2019, 6:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Christopher S. Powell<br>Michigan City, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Matthew B. MacKenzie<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher S. Powell,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | November 20, 2019<br><br>Court of Appeals Case No. 18A-PC-2438<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jane Woodward Miller, Judge<br><br>Trial Court Cause Nos. 71D01-1403-PC-14 71D01-0711-FB-153 |

**Najam, Judge.**

## Statement of the Case

Christopher S. Powell appeals the post-conviction court's denial of his petition for post-conviction relief. Powell raises one issue for our review, namely, whether the post-conviction court clearly erred when it determined that he had not received ineffective assistance from his counsel.

We affirm.

## Facts and Procedural History

On November 17, 2007, Powell entered a Fun Tan tanning salon. Powell asked the two young female employees if he could use the phone. The employees told Powell that he could not use the phone and that he needed to leave. But Powell did not leave, so one of the employees activated the salon's silent alarm. Powell then pulled a kitchen knife out of his pocket and demanded money. One of the employees gave Powell $300 in cash. Powell forced the employees onto the floor and then put tape over their hands, mouths, and eyes. When law enforcement officers arrived in response to the silent alarm, Powell fled. Officers ultimately located Powell nearby and arrested him. When officers arrested Powell, they searched a backpack that belonged to him. In that backpack, officers found a roll of tape, condoms, Vaseline, and a "sexual energy drink." Appellant's App. Vol. II at 135.

On November 20, the State charged Powell with two counts of robbery, as Class B felonies (Counts 1 and 2), and two counts of criminal confinement, as Class B felonies (Counts 3 and 4). Thereafter, on January 8, 2008, the State

amended the information and additionally charged Powell with two counts of attempted rape, as Class A felonies (Counts 5 and 6).

[5] On January 25, Powell's counsel wrote a letter to the prosecuting attorney. In that letter, Powell's counsel stated that there was no factual basis for the two attempted rape counts. However, Powell's attorney stated that Powell would plead guilty to the remaining four counts in exchange for concurrent sentences, the lengths of which could be argued at sentencing. On February 5, the prosecuting attorney rejected the proposal from Powell's attorney and, instead, offered a plea agreement under which the State would dismiss Counts 5 and 6 if Powell agreed to plead guilty to Counts 1 through 4 in exchange for an aggregate sentence of thirty-six years.

[6] On February 8, Powell's counsel responded to the February 5 letter and requested an aggregate sentence of twenty-four years. Three days later, on February 11, the prosecuting attorney rejected the counteroffer and stated that the State would only agree to a plea if the sentence was thirty-six years. The prosecuting attorney then reiterated the thirty-six-year offer but stated that that offer would expire on February 12. Thereafter, on March 24, Powell's attorney sent another offer to the State, in which Powell's attorney stated that, after reviewing the evidence, Powell would agree to plead guilty to two counts of robbery, as Class C felonies, and to Counts 3 and 4 as charged in exchange for a sentence to be argued by the parties. The State did not accept that offer. Ultimately, Powell agreed to plead guilty to Counts 1 through 4 in exchange for

an aggregate sentence of forty years. The trial court accepted Powell's plea and sentenced him accordingly.

[7] On August 1, 2017, Powell filed an amended petition for post-conviction relief. In that petition, Powell asserted that his counsel had rendered ineffective assistance when he had failed to communicate to Powell the State's thirty-six-year offer contained in the February 5, 2008, letter. The post-conviction court held an evidentiary hearing on Powell's petition on July 13, 2018.

[8] During that hearing, Powell's trial counsel testified that, while he did not specifically recall discussing the thirty-six-year offer with Powell, when he receives a plea offer from the State, he "almost immediately go[es] to [his] client and convey[s] what the offer is and discuss[es] it." *Id.* at 65. He further testified that he "[a]ways" leaves the decision of whether to accept a plea offer to his client. *Id.* He also testified that he does not "make the decision about the plea. I leave it up to my clients to decide whether they want to plead or not." Tr. Vol. II at 60. Additionally, Powell's trial counsel testified that, even though he did not specifically recall discussing the offer with Powell, "it would appear that [he] did discuss it with [Powell], because [he] made a counter-offer" and he "wouldn't have made a counter-offer without discussing the offer" with Powell first. *Id.*

[9] Powell also testified at the post-conviction hearing. He testified that his trial counsel did not communicate the State's thirty-six-year offer to him. He further testified that, had he known of that offer, he would have accepted it.

[10] On September 13, the post-conviction court entered its findings and conclusions. In particular, the court found and concluded as follows:

> Although [counsel] had no independent recollection of the exact course of the plea negotiations, he was able to testify to his customary way of handling offers. His testimony regarding his routine practice was credible [and] fits with the inferences that can be drawn from the documentary evidence presented. In January, he conveyed an offer to [the prosecuting attorney] in which his client would plead to all the Class B felonies and face a maximum exposure of twenty year[s]. [The prosecuting attorney] replied with the February 5 counteroffer. Her counteroffer would have resulted in a binding thirty-six[-]year sentence. [Counsel] responded three days later and noted the parties weren't too far apart on the terms. He reminded [the prosecuting attorney] that Powell was going to be doing six years on his old case and indicated Powell was willing to serve a binding twenty-four [years] on the new case. After [the prosecuting attorney] rejected this second proposal, Powell appeared in court and asked to use the law library.
>
> Both the content and the course of the negotiations between counsel leads this court to conclude that [counsel] acted in the way he typically acted. The court concludes that twice he made an offer, conveyed the responses, discussed the matter with his client[,] and let his client decide whether or not to accept thirty-six years. Mr. Powell declined to do so.
>
> Based on its analysis of the evidence presented and its determination of the value and weight to give to that evidence, the Court finds [counsel] conveyed the February 5 offer to Powell. The court, therefore[,] concludes that Powell has failed to prove, by a preponderance of the evidence, that his attorney's performance was deficient. Powell has, therefore, failed to meet his burden of proof on his claim.

Appellant's App. Vol. II at 140-142.[1]  Based on those findings and conclusions, the court denied Powell's petition for post-conviction relief.  This appeal ensued.

## Discussion and Decision

[11]  Powell appeals the post-conviction court's denial of his petition for post-conviction relief.  As our Supreme Court has stated:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence."  *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014).  "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment."  *Id*. at 274.  In order to prevail on an appeal from the denial of post-conviction relief, a petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.  *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993).  Further, the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6).  Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made."  *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

*Humphrey v. State*, 73 N.E.3d 677, 681-82 (Ind. 2017).

---

[1]  Our pagination of the Appellant's Appendix is based on the .pdf pagination.

[12]    In particular, Powell alleges that the post-conviction court erred when it determined that he was not denied the effective assistance of trial counsel. As our Supreme Court has explained:

> When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

*Campbell v. State*, 19 N.E.3d 271, 274 (Ind. 2014). The "[f]ailure to satisfy either prong will cause the claim to fail." *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). On appeal, Powell specifically asserts that he received ineffective assistance from his trial counsel because his counsel failed to communicate the State's thirty-six-year plea offer to him and that, had his counsel communicated that offer to him, he would have accepted that offer and served thirty-six years instead of the forty years to which he ultimately agreed.

[13]    It is well settled that defense counsel has the duty to communicate formal offers from the prosecution, and failure to communicate a plea offer to an accused is

deficient performance. *See Woods v. State*, 48 N.E.3d 374, 381 (Ind. Ct. App. 2015). Powell maintains that "the entire record is devoid of any evidence of any effort by Trial Counsel to communicate the offer to Mr. Powell[.]" Appellant's Br. at 8 (quotation marks omitted). We cannot agree.

[14] Here, Powell's trial counsel testified that, while he did not specifically recall discussing the State's offer with Powell, anytime he receives a plea offer from the State, he "almost immediately go[es] to [his] client and convey[s] what the offer is and discuss[es] it." Tr. Vol. II at 65. He further testified that he "[a]lways" leaves the decision of whether to accept State's offer to his client. *Id*. And Powell's trial counsel testified that "it would appear" that he discussed the State's thirty-six-year offer with Powell because he responded to that offer with a counteroffer, and he "wouldn't have made a counter-offer without discussing the offer" with Powell first. *Id*. at 71. That testimony is supported by the letters that were exchanged between trial counsel and the State, which letters were admitted into evidence at the post-conviction hearing. Specifically, those letters demonstrate that, on February 5, the State offered a plea agreement in which Powell would plead guilty to Counts 1 through 4 in exchange for a thirty-six-year sentence. In response, Powell's counsel responded three days later and sent a counteroffer in which Powell agreed to a sentence of twenty-four years. But the State did not accept that counteroffer.

[15] Based on the testimony of Powell's trial counsel and the exchange of offers and counteroffers between trial counsel and the prosecuting attorney, there is evidence in the record to support the post-conviction court's finding that

Powell's trial counsel communicated the State's thirty-six-year plea offer to Powell. Accordingly, Powell has not met his burden to demonstrate that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *See Humphrey*, 73 N.E.3d 677, 681. We therefore affirm the post-conviction court's denial of Powell's petition for post-conviction relief.

Affirmed.

Bailey, J., and May, J., concur.