## MILLER *v.* STATE OF INDIANA.

[No. 29,816. Filed April 21, 1960.]

*Wayne L. Miller, Flanagan & McCain, Dan C. Flana-gan,* and *Robert S. McCain,* all of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, and *Paul H. Frazier,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellant was charged by indictment with the crime of murder in the second degree, under Acts 1905, ch. 169, §350, p. 584, being §10-3404, Burns' 1956 Replacement, tried by the court without the intervention of a jury, found guilty as charged, and sentenced accordingly.

The sole error assigned is the overruling of appellant's motion for a new trial.

The determinative question here presented is: Did the trial court err in refusing to consider or permit the introduction of evidence pertaining to the reputation of deceased for "peace and quiet," when appellant's defense was that he shot the deceased in self-defense, as he came toward him (appellant) with an open knife in his (deceased's) hand.

The record discloses that appellant was employed as a bartender in a tavern. On the night of the shooting the deceased and his brother were causing considerable commotion and trouble in the tavern. They were ordered to leave by the "bouncer" earlier in the evening but returned later and renewed their disturbance with increased fury. Appellant left the bar to assist in quieting the disturbance, saying to the deceased, "Stop, man, let's try to get this stuff broke up in here." Appellant then testified that the deceased "said nothing" in reply

to his statement, and "just kept walking and that's when I pulled the gun and told him to drop the knife and he didn't do it. I went back as far as I could and I couldn't get through the people, I couldn't get over the booth, so I shot to try and hit the knife." After appellant had told the deceased the second time to stop and he did not stop, deceased pulled his gun out of his pocket and said, "Drop the knife, man," and when the deceased refused to stop or drop the knife, appellant fired at the knife as deceased held it in his hand. The bullet went through the hand of deceased and entered his abdomen. Appellant's testimony was corroborated by other witnesses who were in the tavern at the time of the shooting.

It is the rule in this State that a defendant in a criminal action may, where the defense is self-defense and it is asserted that the person assaulted was the aggressor, introduce evidence of the bad reputation of his adversary for peace and quiet. In *Niemeyer* v. *McCarty* (1943), 221 Ind. 688, 698, 51 N. E. 2d 365, 154 A. L. R. 115, this court said:

> "It is settled beyond controversy that in a criminal action for homicide or assault and battery, where the defense is self-defense and it is asserted that the person charged to have been assaulted was the aggressor, the defendant may introduce evidence of his good reputation for peace and quiet, and of the bad reputation of his adversary for peace and quiet. This evidence goes to the jury to be weighed and considered with the other facts and circumstances in evidence for the purpose of determining who was the aggressor." See also: *Sweazy* v. *State* (1937), 210 Ind. 674, 1 N. E. 2d 992, 5 N. E. 2d 511.

In the present case appellant asserts that he shot the deceased in self-defense and it is contended that the

deceased was the aggressor, and such contention is supported by substantial testimony of other witnesses.

Appellant herein attempted to show the bad reputation of the deceased (appellant's adversary) for peace and quiet by the testimony of two police officers. Objections by the State were sustained and the trial court refused to admit any evidence on this question. Under the state of the record here, this testimony was proper and the trial court erred in sustaining the State's objection thereto.

Since the other questions properly presented by appellant are not likely to arise on retrial, it is not necessary to consider them here.

Judgment reversed.

NOTE.—Reported in 166 N. E. 2d 338.