Carl E. NORRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S376.

Supreme Court of Indiana.

Oct. 22, 1986.

Donald K. McClellan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Carl E. Norris was convicted of murder at the conclusion of a jury trial in the Delaware Superior Court. He was sentenced to thirty-five (35) years. The following issues are raised on direct appeal:

1. denial of Appellant's motion to suppress his oral confession;

2. exclusion of the testimony of Arthur Hicks, Jr., and Michael Gattin;

3. failure to give certain portions of tendered jury instructions; and

4. sufficiency of the evidence.

Appellant and the victim were married for a brief time in the early 1970's. There had been continual litigation since that time regarding custody, child support, and visitation. The victim's son, Bucky Norris, testified Appellant came to the victim's house five days prior to the murder, struck her, and fled. On the day of the murder, Appellant arrived at the victim's house accompanied by his wife, Kathy Norris, and her son, in order to pick up Bucky for weekend visitation. An altercation ensued when Appellant pulled the car onto the victim's yard. Words were exchanged by all of the adults, and the victim pointed at Kathy, at which time Appellant slapped the victim. Kathy got out of the car, and eventually the two women physically began to fight. Appellant told them to stop. When they did not stop, Appellant took a handgun from Kathy's purse, leaned out of the car window, and fired a "warning shot"

into the ground. When the women continued to fight, Appellant got out of the car; said, "I'm going to kill you, B____;" and shot and killed the victim from a distance of six feet.

I

Appellant maintains the trial court erred in denying his motion to suppress his oral confession and in admitting testimony regarding it. At the hearing on Appellant's motion, Officer Steve Schlegel testified he read a waiver of rights form to Appellant and asked him to sign it, but Appellant refused because an attorney had told him, due to Appellant's other problems, never to sign anything without the attorney being present. However, Appellant told Schlegel, "But I'll be more than happy to cooperate and tell you what happened." Schlegel responded, "Go right ahead and tell me if you want to." Appellant then admitted shooting the victim.

Appellant likens this case to those where a defendant exercised his right to remain silent or to have an attorney, yet was interrogated by the police. Such cases are distinguished on two grounds. First, it is not clear, here, that Appellant ever exercised his right to remain silent or to have an attorney. The mere refusal to sign a waiver form does not alone constitute an exercise of such rights. *Hill v. State* (1978), 267 Ind. 480, 486, 371 N.E.2d 1303, 1306. This is especially true where the defendant, as Appellant here, volunteers a statement. The issue at bar is identical to that in *Jackson v. State* (1986), Ind., 496 N.E.2d 32. In *Jackson*, the defendant was read his rights and was given a waiver of rights form to sign, but refused to sign it. He told police officers, however, that although he did not want to sign anything, he did want to tell the officers what happened. The officers told him he could say whatever he wanted, and the defendant proceeded to volunteer a statement. We held the trial court did not err in denying the defendant's motion to suppress the statement. *Id.* at 34. Here, Appellant neither requested an attorney nor sought to

remain silent; rather, he volunteered a narrative of what happened, which account was in no way encouraged by police officers' questioning. The trial court did not err in denying the motion to suppress, and since the evidence was admissible, any testimony regarding it was proper.

## II

Appellant contends the trial court erred in excluding the testimony of Arthur Hicks, Jr. Appellant was the first defense witness, and testified regarding an incident where the victim shot a handgun at Hicks. This story allegedly had been related to Appellant by his son. Hicks then testified as to his opinion of the victim as a violent person. He attempted to show her reputation as a violent person by recounting the same story about which Appellant had testified. The State's objection was sustained. In an offer to prove, Appellant maintained the purpose of Hick's testimony was to show the victim's violent nature and to substantiate Appellant's own testimony. Hicks testified he had not told Appellant about the shooting incident.

■ As a general rule, the character of the deceased is not an issue in the trial for murder, and evidence to show her general reputation as a violent person is inadmissible. An exception to this rule is where the issue of self-defense is presented. *Teague v. State* (1978), 269 Ind. 103, 115, 379 N.E.2d 418, 424, *reh. denied* (1978). However, the exception is not without limits. Where character evidence is introduced to show the victim's violent nature and to show that the defendant had reason to fear the victim, a foundation is required before that evidence is admissible. That foundation consists of a showing that the defendant had knowledge of the specific bad acts communicated to him prior to the homicide. *McCraney v. State* (1983), Ind., 447 N.E.2d 589, 592, *reh. denied* (1983). Appellant failed to make such a showing. Hicks expressly testified that he had never told Appellant about the shooting incident. Appellant said his son told him about it, but there is no support for this in the record,

and a review of his son's testimony seems to contradict that he ever relayed the story to his father.

■ A second limitation is where evidence of the victim's violent nature is tendered to show that the victim was the aggressor. Such a showing, however, may be made only via general reputation testimony. *Miller v. State* (1960), 240 Ind. 398, 400, 166 N.E.2d 338, 339, *rev'd. on other grounds; Niemeyer v. McCarty* (1943), 221 Ind. 688, 698, 51 N.E.2d 365, 369. Here, Appellant attempted to make the showing by testimony of a specific bad act. The trial court properly disallowed the testimony.

■ Appellant further contends the trial court erred in excluding the testimony of Michael Gattin regarding the victim's medical records. The victim was administered several psychological tests in 1977 and 1978. Appellant sought to have Michael Gattin, a clinical psychologist, interpret those test results. The trial court excluded such testimony because the witness was not competent to interpret tests administered by someone else six years earlier. Gattin, in fact, had never met the victim.

The qualification of an expert to testify and the admission of his testimony are decisions within the discretion of the trial court, and are reviewed only for an abuse of that discretion. *Wisehart v. State* (1985), Ind., 484 N.E.2d 949, 954, *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 2929, 91 L.Ed.2d 556. Appellant makes no showing of the competence of the witness to interpret tests given six years earlier by a third person to a person he, himself, had never met. The decision to exclude this testimony was well within the discretion of the trial court.

## III

■ Appellant tendered a lengthy instruction on self-defense. The trial court deleted a portion of the instruction which read:

" ... and he need not believe that the third person's safety requires him to kill

the adversary in order to give him a right to make use of force for that purpose."

Appellant alleges the trial court erred in so modifying the instruction.

Appellant has waived any alleged error regarding this issue by not complying with Ind.R.App.P. 8.3(A)(7). Our trial rule mandates that where error is predicated on an instruction, the instruction shall be set out verbatim in Appellant's brief, with the verbatim objections made thereto. *McCarty v. State* (1986), Ind., 496 N.E.2d 379, 381. Appellant failed to do this. Furthermore, the instruction as given was a proper statement of the law in light of the facts of this case. Finally, we have held that where a conviction is clearly sustained by all the evidence presented to the jury, an alleged error in instructing the jury may be found harmless. *Hare v. State* (1984), Ind., 467 N.E.2d 7, 16. Here the evidence clearly did not support Appellant's claim of defense of a loved one.

### IV

Appellant finally argues the verdict was not supported by sufficient evidence. Where the sufficiency of evidence is challenged on review, this Court will neither weigh the evidence nor determine the credibility of witnesses; rather, we will look to the evidence most favorable to the State, together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. In view of all of the evidence related above, we find there clearly is sufficient evidence to support the jury's verdict. Appellant's argument seeks merely to have us reweigh the evidence, which we will not do. *Id.*

The trial court is affirmed.

GIVAN, C.J., and SHEPARD, J., concur.

DeBRULER and DICKSON, JJ., concur in result only without separate opinions.