**Steven MITCHELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–0006–CR–363.

Supreme Court of Indiana.

March 7, 2001.

**954**

Kevin McShane, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Rosemary .L. Borek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Steven Mitchell was convicted of murder and sentenced to sixty-five years imprisonment. He challenges the instructions on the law of aiding and abetting and the trial court's limitation on cross-examination of a witness who had been charged with the same crime but had pleaded guilty. Mitchell contends that his cross-examination was improperly restricted to exclude evidence of the potential length of the sentence the witness faced if he had not pleaded. We affirm the judgment of the trial court.

**Factual and Procedural Background**

On January 14, 1999, Mitchell was in the home of his girlfriend, Yolanda Coffee, with his friends, Edward "EZ" Crafter, Steven "Pooh" Kilpatrick, Darnell Middlebrook, Antonio "TT" Williams, Antonio "Lamar" Owens, Craig Ferrell, and Charlene Bronaugh. When Crafter and Middlebrook began to argue, Mitchell asked them to leave the house.

Outside the house, Crafter and Middlebrook's argument escalated into a fist fight which lasted for approximately ten minutes before Kilpatrick, Ferrell, Owens, and Williams "jumped on" Crafter. The men continued to punch and kick Crafter until he was lying on the ground. At some point during the fight, Thompson entered the melee and struck Crafter once. Kilpatrick then hit Crafter over the head with a large piece of ice and searched his pockets.

Crafter banged on the door of Coffee's house, asking to be let in to escape the attack and get help. Mitchell refused to let him in and told Kilpatrick to remove Crafter from the porch. After returning Crafter to the lawn, Kilpatrick entered the house and asked Mitchell if Mitchell wanted him to kill Crafter. Mitchell responded in the affirmative and gave Kilpatrick a kitchen knife. Kilpatrick returned outside and continued to beat Crafter with the others. During this exchange, Thompson left the premises.

Some time later, Ferrell and Kilpatrick were walking on the street with Crafter between them, when they encountered Thompson. According to Thompson's testimony, Kilpatrick stabbed Crafter in the neck five or six times, Ferrell stabbed him once in the chest, and the two left Crafter's body in a field.

The three then returned to Coffee's house, disposed of their bloody clothes, went to a liquor store, purchased a bottle of gin, and returned to the house to drink it. Police found the body the next day. At trial, Mitchell was charged with murder, robbery, and aggravated battery. Coffee, Bronaugh, and Thompson testified to the events as described above. The jury found Mitchell guilty of both murder and aggravated battery. The trial court vacated the aggravated battery count and sentenced Mitchell to sixty-five years.

**I. Aiding and Abetting Instruction**

Mitchell first claims that the trial court erred by giving the State's tendered in-

struction on aiding and abetting. The instruction read:

> A person is responsible for the actions of another person when, either before or during the commission of a crime, he knowingly aids, induces, or causes the other person to commit a crime. To aid is to knowingly support, help, or assist in the commission of the crime.
>
> In order to be held responsible for the actions of another, he need only have knowledge that he is helping in the commission of the crime. He does not have to personally participate in each element of the crime nor does he have to be present when the crime is committed.
>
> Proof of a person's failure to oppose the commission of a crime, companionship with the person committing the offense, and conduct before and after the offense may be considered in determining whether aiding may be inferred. A preconceived scheme or plan need not be proven. Mere concerted action or participation in the illegal acts is enough.

Mitchell objected, stating:

> The fifth, I guess I would object to. I think the evidence is pretty nebulous about—there's been no discussion about opposing commission of the crime, companionship, conduct before and after. It seems that's pretty thin. The previous two I can see might not be objectionable, but this one I would object to.

He did not offer an alternative instruction.

On appeal, Mitchell claims that, although the instruction is a correct statement of the law, it "is not a complete and fair statement of Indiana law" and misled the jury. Specifically, he claims that the instruction did not tell the jury that mere presence or acquiescence is not enough and that there must be evidence of a defendant's affirmative conduct.

■ This Court has recently held that a defendant is ordinarily not required to tender proposed alternative instructions to preserve a claim of error. *Scisney v. State*, 701 N.E.2d 847, 848 (Ind.1998). Specifically, this Court concluded that, although a defendant is not generally required to tender an alternative instruction when objecting to a proposed instruction, the "instruction objection at trial [must be] sufficiently clear and specific to inform the trial court of the claimed error and to prevent inadvertent error." *Id.* However, if the claimed error is failure to give an instruction, "a tendered instruction is necessary to preserve error because, without the substance of an instruction upon which to rule, the trial court has not been given a reasonable opportunity to consider and implement the request." *Id.* at 848 n. 3. Under these rules, Mitchell has waived any error in the jury instruction.

■ Mitchell's objection at trial did not make clear that he was objecting based on missing information in the proposed instruction. Rather, his objection appeared to be based on whether there was evidence in the record to support the third paragraph of the instruction.[1] *See Lehman v. State*, 730 N.E.2d 701, 703 (Ind. 2000) (asserting a new argument on appeal waives the appellate claim). However, even if the objection could somehow be construed to complain about missing information, in order to preserve this objection, it was necessary to propose an alternative instruction containing the additional law. Because Mitchell failed to do that, he has waived this claim.[2]

---

1. This interpretation of the objection is supported by both counsels' arguments following the objection. Both sides discussed what evidence was presented and whether it supported giving the instruction, not any missing language in the instruction.

2. Mitchell also loses on the merits of this claim. This Court reviews the giving or refus-

al of a tendered instruction by examining whether the tendered instruction correctly stated the law, whether there was evidence in the record to support the giving of the instruction, and whether the substance of the tendered instruction was covered by other tendered instructions. *Wooley v. State*, 716 N.E.2d 919, 926 (Ind.1999). The trial court

## II. Limitation on Cross–Examination

 Mitchell's second argument is that the trial court erred by limiting his cross-examination of Thompson about the possible penalties Thompson faced if he had not pleaded guilty. Thompson was originally charged with murder, robbery, aggravated battery, and criminal gang activity. Before Mitchell's trial, Thompson pleaded guilty to aggravated battery and agreed to testify against the other defendants in this case in exchange for the State's dismissal of the other charges and a guarantee that he would not receive more than fourteen years imprisonment. The State filed a motion in limine to prohibit Mitchell from cross-examining Thompson about the penalties for the crimes with which he was originally charged, arguing that Mitchell was charged with the same crimes and that the jury should not be informed of the penalties for these crimes. The trial court granted the State's motion over Mitchell's objection.

At trial, Mitchell was allowed to cross-examine Thompson about his plea agreement, including the charges that were dismissed, the seriousness of those charges, and the length of time he received under the deal. At no point during his cross-examination did Mitchell make an offer to prove or challenge the pretrial ruling.

 A pre-trial hearing or a motion in limine is appropriate to determine the admissibility of evidence outside of the jury's hearing. *Hadley v. State*, 496 N.E.2d 67, 71 (Ind.1986). However, in order to preserve an error for appellate review, a party must do more than challenge the ruling on a motion in limine. *Tyra v. State*, 506 N.E.2d 1100, 1102–03 (Ind.1987); *Johnson v. State*, 472 N.E.2d 892, 908 (Ind.1985). "[T]o raise the question of error, the evidence must be offered at trial to give the trial court an opportunity to rule on its admissibility at that time." *Tyra*, 506

has discretion in the manner of instructing the jury and its ruling will not be reversed unless the instructions, when taken as a whole, misstate the law or mislead the jury.

N.E.2d at 1103 (citations omitted). Because Mitchell failed at trial to offer the evidence excluded at the pre-trial hearing, he has not preserved the error for appellate review. *See Wise v. State*, 719 N.E.2d 1192, 1197 (Ind.1999); *Miller v. State*, 716 N.E.2d 367, 370 (Ind.1999).

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

*Reaves v. State*, 586 N.E.2d 847, 855 (Ind. 1992). The challenged instruction satisfies these criteria.