## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2015, 9:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Joel Rowley
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joel Rowley, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | April 20, 2015 <br><br> Court of Appeals Case No. <br> 49A05-1408-PC-413 <br><br> Appeal from the Marion Superior Court. <br> The Honorable Marc T. Rothenberg, Judge. <br> The Honorable Amy J. Barbar, Magistrate. <br> Cause No. 49G02-1003-PC-017433 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     Joel Rowley appeals from a negative judgment entered when the post-conviction court denied his petition for post-conviction relief. A jury convicted Rowley of murder and Rowley pleaded guilty to the habitual offender

enhancement. He argues that he received ineffective assistance of trial counsel and direct appeal counsel. We affirm.

# Issues

[2] Rowley presents several issues for our review, which we restate as the following broader issues, addressed with more specificity below:

I.   Whether the post-conviction court failed to address one of the issues raised in Rowley's petition for post-conviction relief.

II.  Whether Rowley received ineffective assistance of trial counsel.

III. Whether Rowley received ineffective assistance of appellate counsel.

# Facts and Procedural History

[3] The facts supporting Rowley's conviction for murder were set forth in our memorandum decision on direct appeal. *See Rowley v. State*, 49A04-1102-CR-34, 952 N.E.2d 889 (Ind. Ct. App. August 26, 2011), *trans. denied*. Those facts are as follows:

> In the early morning hours of March 5, 2010, Rowley and some of his acquaintances were involved in a bar fight in Indianapolis. Rowley left the altercation and went to his van, but instead of entering his van he went back into the fray and shot Leon Pepper in the back. Rowley then walked back to his van and drove away. Pepper died before emergency personnel could arrive.

*Slip op.* p. 1.

[4]     At trial, Rowley tendered a self defense instruction as noted in our opinion on his direct appeal.

> The defense of self-defense is defined by law as follows:
>
> A. A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. No person in this State shall be placed in legal jeopardy of any kind whatsoever for protecting himself, his family or a third person by reasonable means necessary.
>
> B. Notwithstanding the above, a person is not justified in using force if:
>
> 1. the person is committing or is escaping after the commission of a crime[;]
>
> 2. the person provokes unlawful action by another person with intent to cause bodily injury to the other person; or
>
> 3. the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action[.]
>
> The State has the burden of disproving this defense beyond a reasonable doubt.
>
> Appellant's App. at 170. The trial court accepted Rowley's tendered instruction as the court's final instruction number four. *Id.* at 156. The jury found Rowley guilty as charged and the trial court entered its judgment of conviction and sentence accordingly.

*Id.*

[5] On direct appeal, Rowley challenged the adequacy of the self defense instruction. *Id.* We affirmed Rowley's conviction after concluding that the error, if any, was invited error because Rowley's counsel had tendered the challenged instruction. *Id.*

[6] Rowley filed a petition for post-conviction relief raising claims of ineffective assistance of trial counsel. With respect to trial counsel, Rowley alleged that his counsel was ineffective for failing to include in the self defense instruction "standpoint of the defendant" language and for failing to incorporate that in the closing argument at trial. He also alleged trial counsel was ineffective for failing to interview a witness, Officer Derrick Hannon, and failing to call him as a witness as trial. He also claimed that trial counsel was ineffective for failing to advise him or his friends to surrender the gun used in the shooting to the police department or the prosecutor's office.

[7] With respect to appellate counsel, Rowley alleged ineffective assistance for failing to include a challenge to the trial court's ruling precluding Rowley from presenting testimony about the victim's reputation for carrying a gun.

[8] Evidentiary hearings were held on May 22, 2013, October 23, 2013, and November 6, 2013. The post-conviction court issued an order including findings of fact and conclusions of law ultimately denying Rowley's petition for post-conviction relief on July 10, 2014. Rowley now appeals.

# Discussion and Decision

## Standard of Review for Post-Conviction Relief Proceedings

"The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* at 274. "To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* "Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6)." *Id.* "Although we do not defer to the post-conviction court's legal conclusions, '[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted)).

## Standard of Review for Assistance of Counsel

Rowley raises issues involving the assistance of both trial and appellate counsel. "The standard of review for claims of ineffective assistance of appellate counsel is the same as for trial counsel in that the defendant must show appellate counsel was deficient in his or her performance and that the deficiency resulted in prejudice." *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). "When

evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Id.* "To satisfy the first prong, 'the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment.'" *Id.* (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88)). "To satisfy the second prong, 'the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different.'" *Id.* (quoting *McCary*, 761 N.E.2d at 392 (citing *Strickland*, 466 U.S. at 694)). If our review can dispose of an ineffective assistance claim on the prejudice prong, we need not address whether counsel's performance was deficient. *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). "There is a strong presumption that counsel rendered adequate service." *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013).

## I. Post-Conviction Court Omission

Rowley claims that the post-conviction court failed to address an issue raised by Rowley in his petition for post-conviction relief. He alleged ineffective assistance of trial counsel for failing to interview Officer Derrick Hannon and for failing to call Officer Hannon as a witness at trial.

[12] Indiana Post-Conviction Rule 1(6) explicitly requires that post-conviction courts make "specific findings of fact and conclusions of law on all issues presented . . . ." Where the post-conviction court fails to enter findings of fact and conclusions of law on an issue presented in a petition for post-conviction relief, remand for the entry of findings and conclusions on that issue is appropriate. *Dowdell v. State*, 720 N.E.2d 1146, 1152 (Ind. 1999). This is so, because "[t]he principal purpose of findings of fact 'is to have the record show the basis of the trial court's decision so that on review the appellate court may more readily understand the former's view of the controversy.'" *Id.* (quoting *Love v. State*, 257 Ind. 57, 59, 272 N.E?.2d 456, 458 (1971) (quoting 3 William F. Harvey, *Indiana Practice* 426 (1970))). "Findings of fact must be 'sufficient to enable this Court to dispose of the issues upon appeal.'" *Id.* (quoting *Taylor v. State*, 472 N.E.2d 891, 892 (Ind. 1985)).

[13] Here, the post-conviction court failed to address the issue in its order. Rowley correctly notes this error in his statement of the issues, but fails to present any argument on the topic in his brief. "Failure to present a cogent argument for such an issue operates as a waiver of that issue on appeal." *Bieghler v. State*, 481 N.E.2d 78, 89 (Ind. 1985). "Errors alleged by defendant but not presented and argued in the argument section of [the] defendant's brief are waived." *Guardiola v. State*, 268 Ind. 404, 406, 375 N.E.2d 1105, 1107 (1978). "It is the responsibility of the defendant to support his contentions with appropriate citations to the record as well as to legal authorities. Without such assistance,

[a court on review] cannot determine the merits of his claim and will consider it waived." *Bieghler*, 481 N.E.2d at 89.

[14] "Nevertheless, an appellate court may affirm a trial court's judgment on any theory supported by the evidence." *Dowdell*, 720 N.E.2d at 1152. Therefore, we will review the record and consider the merits of Rowley's claim in our discussion of the performance of his trial counsel.

## II. Ineffective Assistance of Trial Counsel

### A. Self Defense Instruction

[15] Rowley argues that his trial counsel was ineffective by failing to tender a self defense instruction that highlighted the requirement that when evaluating a self defense claim the evidence should be viewed from the perspective or standpoint of the defendant. In conjunction with that argument, he claims that trial counsel should have highlighted that subjective component in closing argument.

[16] Here, the self defense instruction set forth above essentially tracks the pertinent language of the self defense statute. Ind. Code §35-41-3-2 (2006). In *Washington v. State*, 997 N.E.2d 342, 349 (Ind. 2013), the Supreme Court re-emphasized the holding that the "self-defense statute requires both a subjective belief that force was necessary to prevent serious bodily injury and that a reasonable person under the circumstances would have such an actual belief." Therefore, self defense comprises both a subjective and objective component. *Id.* In considering "standpoint of the defendant" language, the Supreme Court

has emphasized that "the jury should examine circumstances as they appeared to the defendant. But while the defendant's own account is critically relevant, the stand is still the reasonableness of the belief of the defendant." *Id.* "Focusing on the 'standpoint of the defendant' means at least two things: (1) the trier of fact must consider the circumstances as they appeared to the defendant, rather than to the victim or anyone else; and (2) the defendant's own account, although not required to be believed, is critically relevant testimony." *Id.* at 350.

[17] Here, if trial counsel had tendered an instruction focusing solely on the defendant's subjective belief, the instruction, while correct, would not have been a complete statement of the law. Rowley did not present the post-conviction court with an instruction he believes should have been given. Therefore, it is impossible to evaluate whether the instruction he favors is accurate and appropriate.

[18] Further, the instruction that was given did instruct the jury that the standard to be used was what Rowley reasonably believed at the time of the infliction of the injury. The post-conviction court noted that the tendered instruction was nearly identical to the instruction the trial court intended to give, but did not because Rowley's was better and more appropriate. This was so because Rowley's instruction added language regarding the protection of third persons, which was at the heart of Rowley's defense.

Rowley's trial counsel testified that he believed that during closing argument he did highlight the "standpoint of the defendant." The record reflects that trial counsel argued to the jury that Rowley acted reasonably and was justified in shooting the victim because he believed the victim was going to shoot his friend. Therefore, trial counsel did effectively inform the jury that the proper perspective from which to evaluate the evidence was the defendant's viewpoint. Rowley's counsel correctly argued the law to the jury. *See id*. at 348-49. Rowley has not met his burden of establishing that he was denied effective assistance of trial counsel.

## B. Failure to Investigate

Rowley maintains that his trial counsel was ineffective by failing to interview Officer Hannon and by failing to call him as a witness at trial. Rowley argues that had trial counsel interviewed Officer Hannon he would have secured testimony conflicting with the State's presentation of how Rowley's jogging suit was preserved, and that Rowley was intoxicated at the time of his arrest and subsequent statement to police. Rowley claims that his trial counsel should have used the intoxication evidence to suppress Rowley's statement to police in which he claimed not to be the shooter. That statement, which Rowley hoped to characterize as involuntary due to his intoxication, was inconsistent with Rowley's claim of self defense.

The Supreme Court has explained appellate review of claims alleging a failure to investigate as follows:

> With the benefit of hindsight, a defendant can always point to some rock left unturned to argue counsel should have investigated further. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that it deprived the defendant of a fair trial. *Strickland*, 466 U.S. at 686, 104 S. Ct. 2052. *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing. *Wiggins v. Smith*, 539 U.S. 510, 533, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). This would interfere with the constitutionally protected independence of counsel at the heart of *Strickland*. *Id.* Rather, we review a particular decision not to investigate by looking at whether counsel's action was reasonable in light of all the circumstances. *Id.* at 521-22, 123 S. Ct. 2527. In other words, counsel has a duty to make a reasonable investigation or to make a reasonable decision that the particular investigation is unnecessary. *Id.* at 521, 123 S. Ct. 2527. A strategic choice not to present mitigating evidence made after thorough investigation of law and relevant facts is virtually unchallengeable, but a strategic choice made after less than complete investigation is challengeable to the extent that reasonable professional judgment did not support the limitations on the investigation. *Id.* Thus, the Court's principal concern is not whether counsel should have presented more in mitigation but whether the investigation supporting their decision not to introduce mitigating evidence was itself reasonable. *Id.* at 523, 123 S. Ct. 2527.

*Ritchie v. State*, 875 N.E.2d 706, 719-20 (Ind. 2007).

[22] Rowley contended that Officer Hannon, the officer to whom he surrendered, informed him that the police would want his jacket and his van as part of their investigation, and that he told Officer Hannon where he would leave his entire jogging suit worn by him at the time of the crime and where his van would be

located. Rowley claimed that he told trial counsel what he had done with the jogging suit and his van and asked counsel to contact Officer Hannon. Rowley stated that trial counsel informed him that he was unable to locate Officer Hannon. At the evidentiary hearing, trial counsel testified that he did not recall that there was an issue at trial regarding Rowley's disposition of his clothing, and stated that he did not recall speaking with Rowley about his clothing.

[23] Officer Hannon testified during the evidentiary hearing. He stated that he attempted to avoid discussing the case with Rowley while transporting him to the police station because he was not the investigating officer. Further, he testified that he could not recall advising Rowley about what to do with the clothing he had been wearing at the time of the crime.

[24] Other than Rowley's own testimony at the evidentiary hearing, there was no evidence presented demonstrating that an interview of Officer Hannon would have produced any relevant testimony about the clothing Rowley wore that would have been any benefit to his defense. Furthermore, Rowley did not meet his burden of establishing that had trial counsel interviewed Officer Hannon the outcome of his trial would have been any different.

[25] Similarly, Rowley has not met his burden of presenting evidence to support his claim that had trial counsel interviewed Officer Hannon he would have gleaned evidence to support a motion to suppress Rowley's statement to police. Rowley argues now that trial counsel should have moved to suppress his statement that he was not the shooter on the ground that it was involuntary due to Rowley's

intoxication. That statement was at odds with the trial strategy that he acted in self defense. "To prevail on an ineffective assistance of counsel claim based upon counsel's failure to file motions on a defendant's behalf, the defendant must demonstrate that such motions would have been successful." *Wales v. State*, 768 N.E.2d 513, 523 (Ind. Ct. App. 2002), *trans. denied*.

[26] Here, Rowley claimed that his statement to police was involuntary because he was intoxicated at the time. "Statements are inadmissible due to intoxication only when an accused is intoxicated to the point that he is unaware of what he is saying." *Wilkes v. State*, 917 N.E.2d 675, 680 (Ind. 2009). "Intoxication to a lesser degree goes only to the weight to be given the statement." *Id.*

[27] Rowley testified at the evidentiary hearing that he drank two or three double shots of Absolut Vodka and a Corona, and that by the time he left the bar with Officer Hannon, he was feeling the effects of his alcohol consumption. Officer Hannon testified that although he allowed Rowley to finish his drink before escorting him to the police station for questioning, he did not observe any signs that Rowley was intoxicated.

[28] "Whether a witness' testimony at a post-conviction hearing is worthy of credit is a factual determination to be made by the trial judge who has the opportunity to see and hear the witness testify." *State v. McCraney*, 719 N.E.2d 1187, 1191 (Ind. 1999). "It is not within an appellate courts province to replace the trial court's assessment of credibility with its own." *Id.* Since the post-conviction

court denied Rowley's petition, a reasonable inference is that the post-conviction court found Officer Hannon's testimony more credible.

[29] Rowley's testimony did not establish that he was so intoxicated that he did not know what he was saying when he was interviewed by police officers. In addition, his trial testimony did not indicate that he was claiming that he was intoxicated when speaking with police officers. Therefore, Rowley has not established that a motion to suppress his statement to police as involuntary due to intoxication would have been granted if raised. Consequently, Rowley has not established that trial counsel's failure to interview Officer Hannon and then call him as a witness at trial prejudiced his defense. We find no error here.

## C. Failure to Advise

[30] Rowley claims that his trial counsel was ineffective by failing to advise him to personally turn over the murder weapon or to have relatives do so on his behalf. Because the prejudice part of this test is dispositive of this issue, we do not address the alleged deficiency in trial counsel's performance.

[31] Rowley testified that he had discussed turning over the murder weapon to authorities with his trial counsel. He claimed that trial counsel informed him that if the State did not request it, there was no reason to turn over the weapon. Trial counsel testified that he had no recollection of a conversation with Rowley about the weapon.

[32] Had counsel advised Rowley to surrender the gun, this conduct would not have refuted the State's contention that Rowley's conduct—leaving the scene of the

murder rather than staying and immediately turning the gun over to police—constituted evidence of Rowley's guilty conscience, instead of the righteous defense of a friend. If Rowley had surrendered the weapon to authorities after consulting with his attorney, the State could have argued that he fled the scene of the murder with the murder weapon and only surrendered it upon the advice of counsel.

[33] This would not have altered the outcome of Rowley's trial. The State introduced a video tape showing Rowling shooting the unarmed victim in the back. Rowley has not demonstrated how trial counsel's failure to advise him to turn the gun over to police prior to trial would have produced a different outcome at trial. We find no prejudice here.

# III. Ineffective Assistance of Appellate Counsel

[34] Rowley claims that he received ineffective assistance of appellate counsel. "As for appellate counsel, ineffective assistance claims 'generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well.'" *Garrett v. State*, 992 N.E.2d 710, 724 (Ind. 2013) (quoting *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006)). Here, Rowley's allegation falls under the second category, waiver of issues.

[35] "To show that counsel was ineffective for failing to raise an issue on appeal, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential." *Manzano v. State*, 12 N.E.3d 321,

329 (Ind. Ct. App. 2014) (citing *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006)), *trans. denied*. Furthermore,

> To evaluate the performance prong when counsel failed to raise issues upon appeal, we apply the following test: (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are "clearly stronger" than the raised issues. If the analysis under this test demonstrates deficient performance, then we examine whether "the issues which . . . appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial." Ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal because the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel.

*Id.* at 329-30. (internal quotes omitted).

[36] Rowley claims that his appellate counsel was ineffective for failing to present any argument challenging the trial court's ruling before trial that Rowley could not present evidence of the victim's reputation for carrying a gun. Rowley's direct appeal counsel testified at one of the evidentiary hearings that she did not recall having a strategic reason for not raising the issue on direct appeal.

[37] First, we note that the issue was not preserved for direct appellate review. "A pre-trial hearing or a motion in limine is appropriate to determine the admissibility of evidence outside of the jury's hearing." *Mitchell v. State*, 742 N.E.2d 953, 956 (Ind. 2001). "However, in order to preserve an error for appellate review, a party must do more than challenge the ruling on a motion in limine." *Id.* "[T]o raise the question of error, the evidence must be offered at

trial to give the trial court an opportunity to rule on its admissibility at that time." *Id.* (quoting *Tyra v. State*, 506 N.E.2d 1100, 1103 (citations omitted)). A defendant who fails to offer the evidence excluded at the hearing prior to trial has not preserved the error for appellate review. *Id.*

[38]    "To reverse a trial court's decision to exclude evidence, there must have been error by the court that affected the defendant's substantial rights and the defendant must have made an offer of proof or the evidence must have been clear from the context." *Harman v. State*, 4 N.E.3d 209, 215 (Ind. Ct. App. 2014), *trans. denied*. "A party traditionally makes an offer to prove after the trial court has sustained an objection to the admission of the party's evidence." *Id.* at 216. "However, it may also be made before the trial court's ruling on an objection in order to aid in the admissibility ruling." *Id.* Consequently, because Rowley did not attempt to offer proof of the handgun reputation evidence, the error was not preserved for appellate review. "Appellate counsel cannot be faulted for failing to raise what would have been a meritless claim." *Overstreet v. State*, 877 N.E.2d 144, 167 (Ind. 2007).

[39]    A fundamental error argument was unavailable to appellate counsel. "Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to 'make a fair trial impossible.'" *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014) (quoting *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002)). "In other words, to establish fundamental error, the defendant must show that, under the circumstances, the trial judge erred in not

*sua sponte* raising the issue because alleged errors (a) 'constitute clearly blatant violations of basic and elementary principles of due process' and (b) 'present an undeniable and substantial potential for harm.'" *Id.* "The element of such harm is not established by the fact of ultimate conviction but rather 'depends upon whether [the defendant's] right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled.'" *Id.* Our Supreme Court has stressed "that '[a] finding of fundamental error essentially means that the trial judge erred . . . by not acting when he or she should have. . . .'" *Id.* (quoting *Whiting v. State*, 969 N.E.2d 24, 34 (Ind. 2012)). "Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Id.*

[40] Rowley has failed to argue or demonstrate that the exclusion of this evidence would have constituted fundamental error. Therefore, Rowley has not met his burden of demonstrating that this unpreserved issue is clearly stronger than the issue raised in his direct appeal or that its admission would likely have produced a different result at trial. It is reasonable to conclude that appellate counsel was reasonable in not raising this claim in Rowley's direct appeal.

[41] A strategic decision not to present the issue finds support in case law holding that "[w]here character evidence is introduced to show the victim's violent

nature and to show that the defendant had reason to fear the victim, a foundation is required before that evidence is admissible. That foundation consists of a showing that the defendant had knowledge of the specific bad acts communicated to him prior to the [crime]." *Norris v. State*, 498 N.E.2d 1203, 1205 (Ind. 1986). "Indiana's general rule prohibits proof of the character of the deceased." *Phillips v. State*, 550 N.E.2d 1290, 1297 (Ind. 1990), *abrogated on other grounds by Fry v. State*, 990 N.E.2d 429 (Ind. 2013)). "Where a self-defense claim is raised, however, there is an exception." *Id*. "Evidence of specific bad acts by the victim is then admissible to show that the victim had a violent character and that the defendant had reason to fear the victim, but it is incumbent on the defendant to make a foundational showing that he had knowledge of those specific bad acts prior to the [crime] before such evidence may be admitted." *Id.*

[42] Rowley has not presented evidence at trial or at his post-conviction proceeding that at the time of the murder he had any knowledge that the victim had a reputation for carrying a gun or a reputation for violence. The record reflects that Rowley had never met the victim and did not know anything about him prior to the night of the shooting. Therefore, Rowley could not have met the foundational prerequisite for the admission of that evidence. Thus, the evidence was irrelevant to Rowley's claim of self defense and was properly excluded by the trial court.

# Conclusion

[43] Rowley has not met his burden of establishing that the post-conviction court's omission warrants a remand of Rowley's case, that his trial counsel was ineffective, or that his appellate counsel was ineffective. In light of the foregoing, we affirm the judgment of the post-conviction court.

[44] Affirmed.

Bailey, J., and Robb, J., concur.