# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2015, 10:10 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Danielle L. Gregory
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jimmy Huesgen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 15, 2015

Court of Appeals Case No.
49A04-1411-CR-538

Appeal from the Marion Superior Court; The Honorable Clark Rogers, Judge;
49F25-1301-FD-5992

**May, Judge.**

[1] Jimmy Huesgen appeals his conviction of Class A misdemeanor battery,[1] asserting the court erred when it declined to give a self-defense instruction.

[2] We affirm.

## Facts and Procedural History

[3] On January 25, 2013, Huesgen and Silverio Guadarrama were working at Harlan Bakery. Guadarrama was the team leader for Huesgen's area. The two men argued. Huesgen grabbed Guadarrama around the neck, leaving a red mark. Guadarrama left the area and reported the incident to the supervisor. Management took Huesgen to Human Resources and called the police. Officers interviewed Huesgen. After viewing surveillance video, the State charged Huesgen with Class D felony strangulation,[2] Class D felony intimidation,[3] and Class A misdemeanor battery.

[4] After the State presented its case, the parties agreed to final jury instructions. During that discussion, Huesgen's counsel asked for an instruction on Class B misdemeanor battery as a lesser included offense. Huesgen then testified and asserted he acted in self-defense. After the close of evidence, Huesgen's counsel requested a self-defense instruction, but he did not tender a written copy of the instruction or refer to a pattern jury instruction number. The trial court denied

---

[1] Ind. Code § 35-42-2-1 (2012).

[2] Ind. Code § 35-42-2-9 (2006).

[3] Ind. Code § 35-45-2-1 (2006).

his request. The jury found Huesgen not guilty of strangulation and intimidation, but guilty of Class A misdemeanor battery.

## Discussion and Decision

[5] "The manner of instructing a jury is left to the sound discretion of the trial court." *Albores v. State,* 987 N.E.2d 98, 99 (Ind. Ct. App. 2013), *trans. denied.* When we review the trial court's decision regarding jury instructions, we consider "(1) whether the tendered instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; [and] (3) whether the substance of the tendered instruction is covered by other instructions which were given." *Davis v. State*, 355 N.E.2d 836, 838 (Ind. 1976) (internal citations omitted). "When the claimed error is the failure to *give* an instruction . . . a tendered instruction is necessary to preserve error because, without the substance of an instruction upon which to rule, the trial court has not been given a reasonable opportunity to consider and implement the request." *Scisney v. State*, 701 N.E.2d 847, 848 n.3 (Ind. 1998) (emphasis in original). *See also* Ind. Crim. Rule 8(D) ("[r]equested instructions must be reduced to writing"). Ind. Trial Rule 51(E) allows a party to request jury instructions from the Indiana Pattern Jury Instructions by designating the number of such. *Coy v. State*, 999 N.E.2d 937, 943 (Ind. Ct. App. 2013).

[6] Huesgen did not tender a written instruction or cite the relevant pattern jury instruction. Huesgen argues he "did not request a deviation from the self defense instruction in the Indiana Pattern Jury Instructions," (Appellant's App.

at 8), but Huesgen did not request any particular instruction at all. Huesgen has waived any error in the jury instructions. *See, e.g., Mitchell v. State*, 742 N.E.2d 953, 955 (Ind. 2001) (objection to missing information in instruction waived when no alternate instruction tendered). *See also, Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011) (issue waived when appellant did not offer an instruction of his own).

[7] Waiver notwithstanding, the evidence did not permit an inference that Huesgen acted in self-defense. To support a claim of self-defense, Huesgen must show he "(1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm." *Hobson v. State*, 795 N.E.2d 1118, 1121 (Ind. Ct. App. 2003), *trans. denied*.

[8] Huesgen argues he felt threatened when Guadarrama called him over and said "mother fucker I went to report you." (Tr. at 74.) Huesgen testified "the way he was talking to me I feel [sic] that I was in danger and so I reacted and I pushed him." (*Id.* at 75.) The State presented video evidence that Huesgen was the instigator of the violence. The trial court did not abuse its discretion in determining Huesgen was not entitled to a self-defense jury instruction because he instigated the physical violence against Guadarrama. *See Henson v. State,* 786 N.E.2d 274 (Ind. 2003) (self-defense instruction declined because "there is nothing in the record to sustain Defendant contention that he was reasonable in his belief of imminent bodily harm").

# Conclusion

[9] The trial court did not abuse its discretion in declining to instruct the jury on self-defense. Huesgen waived his argument when he failed to tender a written jury instruction or refer to the pattern jury instruction number. Waiver notwithstanding, the evidence in the record did not support an instruction on self-defense. Accordingly, we affirm.

[10] Affirmed.

Robb, J., and Mathias, J., concur.